## HARDING v TALBOTT

Ohio Appeals, 5th Dist, Morrow Co

No 336.   Decided Dec 9, 1936

### OPINION

By LEMERT, PJ.

Christina Harding, as plaintiff, filed an amended petition against the defendant, executor, claiming that the estate of the decedent was indebted to her in the sum of $5460.00, with interest from December 15, 1934, for care of decedent's room and bed, washing her bed and clothing, and for nursing and caring for decedent generally during poor health, and lodging, the reasonable value of the services to be in the sum of $5460.00. The petition further states "and all of which services were performed by plaintiff at the instance and request of decedent and for which she promised to pay plaintiff as much as the same were reasonably worth."

To this petition the defendant, executor, filed an answer and for a first defense entered a general denial; and for a second defense alleges an agreement whereby plaintiff and her husband agreed to furnish said board, lodging, washing, care and nursing for the sum of $15.00 per month while

decedent lived in the home of plaintiff and that said decedent accepted the agreement, and that said sum of $15.00 per month was paid in full for said services.

To this answer was filed a reply admitting the payment of $15.00 per month, and alleging the same was for decedent's board only, and in which reply it is set forth that the plaintiff denied that any receipts given to decedent were ever intended to be for the payment of the services set forth in the petition. A trial was had and the cause submitted to a jury and a verdict was returned against the appellant, executor in the sum of $2758.76, with interest at six per cent from April 13, 1936, and for costs.

A motion for a new trial was filed by appellant and was overruled and judgment entered on the verdict.

Ten grounds of error were recited in the motion for a new trial. An examination of the record in this case discloses that the decedent, Amy Kreps, after the death of her husband lived for some time at her own home and later boarded at the home of Mrs. Ada Briggle; that some time in the year 1930 plaintiff came to the home of Mrs. Briggle and talked to decedent in the presence of Mrs. Briggle. Plaintiff asked decedent to come and live at her home and told her she would not charge her a cent for it, because the decedent had been so good to plaintiff. The evidence discloses that Mrs. Kreps went to the home of plaintiff and her husband and lived there for several years, but the evidence does not disclose the exact period of time. The evidence does disclose that for the last year or so of her life decedent became somewhat of a charge and died at the home of plaintiff and her husband. The evidence does not show that plaintiff, nor anyone for her, ever kept an account, nor was any account introduced in evidence of any charge for any services rendered at any time. A careful examination shows that the amended petition seeks a judgment for services which were rendered decedent by plaintiff, at the instance and request of decedent, and for which she, (decedent) promised to pay plaintiff as much as the same were reasonably worth. This is the sole and the only allegation in the petition as to the contract between the parties. Therefore, this case in the court below was based upon a straight-forward allegation or averment of an implied contract. There was some evidence in the record that decedent was taken into plaintiff's family as a member of the family, and the court below refused to charge thereon and to charge that the

degree of proof required clear and convincing evidence instead of a preponderance of evidence in case she became a member of the family. The attention of the court below was called to this at the time of making the charge. The court overruled the motion and exceptions were taken.

The court in its charge to the jury charged on both an express and implied contract and then gave the following charge, as shown on page 61: "You will take this case, look into the evidence carefully, endeavor to arrive at a true understanding between the parties and return a fair and impartial verdict." We are ▆▆▆▆▆▆ of the opinion that this was reversible error. It was not the duty of the jury to carefully endeavor to arrive at a true understanding between the parties; that would mean that it was the duty of the jury to make a contract between the parties. It is the duty of the jury to determine whether there had been an agreement or contract made between the parties. Agreements and contract of parties are one thing, but under no circumstances can a jury make a contract for the parties. It is very evident upon reading the charge of the court below, that no distinction was made as to the proof required as between express and implied contracts.

This court in the case of **Anderson v Houpt, 43 Oh Ap page 538, (13 Abs 16)** held: "No contract to pay for services as between parties occupying family relationship will be implied even though performer is a stranger and not a blood relative. Meeting of minds upon its terms is necessary to the making of a contract whether express or implied." We also cite **Ohio Jurisprudence, Volume 42, page 497, §14.**

We note from the testimony, in the record, of Loren Harding, husband of appellee, at page 31 of the bill of exceptions these questions were asked: Question: Did she pay $15.00 a month? Answer: She did. Question: Up to the date of her death? Answer: She paid up to the time of her death; she paid us $15 for the board, for her board only, but there was an understanding before she died, we were to be paid extra—

ATTY. OLDS:—Finish your answer.

WITNESS:—That was the understanding between us.

ATTY. TALBOTT:—I object to that statement and ask the jury be instructed not to consider it.

COURT:—Overruled. Exceptions noted.

We note the statement—(but there was an understanding before she died we were

to be paid extra)—This is a conclusion that there was an agreement and not a statement of fact; a mere conclusion of the witness.

The court below was asked to take the statement from the jury and that the jury be instructed not to consider it, and the court overruled the same and the exceptions were saved. This, we believe, was reversible error. The witness upon a proper answer to inquiry could have stated what was said so that the jury could determine whether there was an agreement or understanding between decedent and plaintiff, but the court allowed the witness to state that there was an understanding; that is, a contract between decedent and appellee. It was for the jury to determine from facts in evidence whether there was an understanding or agreement between decedent and appellee that appellee was to be paid extra, but there were no facts or statements in evidence, only the conclusion of the witness, who was the husband of the appellee.

Under the facts of this case as disclosed in the record, the motion of the appellant at the close of appellee's testimony for a directed verdict should have been sustained. This is also true of the renewal of the motion at the close of all the evidence.

We note further in the court's charge on page 60 of the record the court says: "The plaintiff cannot recover in this case unless she proves by a preponderance of the evidence that there was a contract on her part to perform the services as set forth in the petition for compensation, and upon her part to accept the services and pay for them." "If the plaintiff fails to prove to you by a preponderance of the evidence that such an agreement was entered into between the plaintiff and defendant's decedent whereby she was to perform the services and she was to pay her for such services, then the defendant is entitled to your verdict."

We believe this to be reversible error and that the rule is, that the proof to be made in such case, that it must be by evidence that is clear and convincing and not merely by a preponderance thereof.

Ohio Jurisprudence 42-498.

There are other errors complained of in this case, but we do not believe that they are of sufficient importance for consideration herein.

Upon the grounds herein stated and for the reasons herein given, we are of the opinion that error has intervened in this case and that the finding and judgment of the court below should be and the same hereby is reversed and the cause remanded to the Court of Common Pleas for further proceeding according to law.

Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.